IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARA TAYLOR and CHET WILSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAVVY INSURANCE SOLUTIONS, LLC<br><br>Defendant. | CIVIL ACTION FILE NO. |

Plaintiff Sara Taylor and Chet Wilson ("Plaintiffs") (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of their counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. However, the TCPA doesn't only restrict robocalls.

3. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). Private suits can seek either monetary or injunctive relief. *Id.* This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA

affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

5.  This case involves a campaign by Savvy Insurance Solutions, LLC ("Savvy") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA, including to individuals on the National Do Not Call Registry.

6.  Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7.  A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

8.  Plaintiff Sara Taylor is an individual.

9.  Plaintiff Chet Wilson is an individual.

10. Defendant Savvy Insurance Solutions, LLC is based in Massachusetts.

## **JURISDICTION AND VENUE**

11. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

12. This Court has jurisdiction over Savvy because it resides here.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls were made from this District.

**BACKGROUND**

14. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

16. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

17. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

18. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

20. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

21. Defendant Savvy is a "person" as the term is defined by 47 U.S.C. § 153(39).

**A. Plaintiff Sara Taylor**

22. Plaintiff Sara Taylor is the subscriber and customary user of the cellular telephone number (706) 391-XXXX.

23. This number is used for personal and residential purposes only; it is not associated with any business.

24. Ms. Taylor's number has been registered continuously on the National Do Not Call Registry since August 29, 2024.

25. Despite that registration, Defendant caused at least two calls to be placed to Ms. Taylor's number on May 9, 2025, from caller ID 844-984-2331. One call was rejected, while the other resulted in a pre-recorded voicemail being left.

26. The voicemail delivered on May 9, 2025, was not personalized and was plainly prerecorded. It featured a generic, artificial-sounding voice that promoted Defendant's insurance services and invited the recipient to return the call.

27. Ms. Taylor never provided her telephone number to Defendant, never submitted an inquiry online or otherwise, and never consented in writing or orally to receive telemarketing calls or prerecorded messages from Savvy Insurance.

28. The calls intruded upon Ms. Taylor's privacy and domestic peace. They also consumed her phone's storage and battery power, tied up her line, and caused frustration and annoyance.

29. By directing prerecorded solicitation calls to her number despite its registration on the National Do Not Call Registry, Defendant willfully ignored her rights under federal law.

**B. Plaintiff Chet Michael Wilson**

30. Plaintiff Chet Michael Wilson is the subscriber and customary user of the cellular telephone number (541) 999-XXXX.

31. His cell number is used for residential and personal purposes only, not for business.

32. Mr. Wilson's number has been listed on the National Do Not Call Registry prior to March 2025 and has remained continuously registered.

33. Beginning on March 18, 2025, Defendant initiated a series of six text messages to Mr. Wilson's number from 855-760-0686.

34. Defendant sent three text messages on March 18, 2025, and three additional text messages on March 19, 2025.

35. On March 20, 2025, Defendant sent yet another unsolicited text message from the same number.

36. These messages referenced "Abby from Savvy Insurance" and included promotional language encouraging Mr. Wilson to explore "auto insurance policy" savings through Savvy Insurance. Each message contained hyperlinks directing recipients to "go.savvy.insure" or other Savvy Insurance promotional pages.

37. On March 31, 2025, Mr. Wilson also received a pre-recorded voicemail from 844-984-2331. The message promoted Defendant's insurance products and contained the same generic script that had been left with other consumers, making clear that it was a prerecorded message rather than a live call.

38. Mr. Wilson never provided his number to Savvy Insurance, never sought out Defendant's products, and never consented to receive either telemarketing text messages or prerecorded voice calls from Defendant.

39. Plaintiffs and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Robocall Class**:
> All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded

message used to place telephone calls to Plaintiffs (5) from four years prior to the filing of the Complaint through trial.

**National Do Not Call Registry Class**:
All persons within the United States: (1) whose telephone numbers were registered on the National Do Not Call Registry for at least 31 days prior to the calls at issue, (2) who received more than one telemarketing call from or on behalf of Defendant within any 12–month period, (3) within the four years prior to the filing of the Complaint through trial.

41. Plaintiffs are members of both Classes and will fairly and adequately represent and protect the interests of the Classes because they have no interests that conflict with any of the Class members.

42. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. Plaintiffs and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, nuisance, annoyance, waste of time, use of their telephone power, data, and network bandwidth, and the intrusion on their telephone lines that prevented them from receiving legitimate communications.

44. This Class Action Complaint seeks injunctive relief and money damages.

45. The Classes as defined above are identifiable through Defendant's dialer records, telemarketing logs, customer lists, and other business records.

46. Plaintiffs do not know the exact number of members in the Classes, but reasonably believe the Classes number in the hundreds, if not thousands.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

48. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court by avoiding a multiplicity of identical suits.

49. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Class claims predominate over questions that may affect only individual Class members.

50. There are numerous questions of law and fact common to Plaintiffs and to the proposed Classes, including but not limited to the following:

(a) Whether Defendant used a pre-recorded message to make telemarketing calls;

(b) Whether Defendant made calls or sent texts to Plaintiffs and Class members without obtaining prior express written consent;

(c) Whether Defendant made two or more telemarketing calls within a 12-month period to numbers listed on the National Do Not Call Registry;

(d) Whether Defendant had policies and procedures in place to prevent calling numbers on the National Do Not Call Registry;

(e) Whether Defendant's conduct constitutes a violation of the TCPA; and

(f) Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes.

52. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(b) — On Behalf of the Robocall Class**

55. Plaintiffs incorporate the allegations from paragraphs 1–54 as if fully set forth herein.

56. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Robocall Class using a pre-recorded or artificial voice.

57. As a result of Defendant's violations of the TCPA, Plaintiffs and members of the Robocall Class are entitled to statutory damages of $500 for each violation, and up to $1,500 for each willful or knowing violation.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c) — On Behalf of the National Do Not Call Registry Class**

58. Plaintiffs incorporate the allegations from paragraphs 1–54 as if fully set forth herein.

59. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making more than one telemarketing call within a 12-month period to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being listed on the National Do Not Call Registry.

60. As a result of Defendant's violations of the TCPA, Plaintiffs and members of the National Do Not Call Registry Class are entitled to statutory damages of $500 for each violation, and up to $1,500 for each willful or knowing violation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

C. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 29, 2025

          PLAINTIFF, individually and
          on behalf of others similarly situated,

          By:

          */s/ Anthony I. Paronich*
          Anthony I. Paronich
          Paronich Law, P.C.
          350 Lincoln Street, Suite 2400
          Hingham, MA 02043
          [o] (617) 485-0018
          [f] (508) 318-8100
          anthony@paronichlaw.com